EMERSON *versus* NOBLE.

The penalty for selling prohibited liquor, without license, may be incurred, although the sale was upon credit, and although the law furnishes to the seller no means of enforcing payment for it.

EXCEPTIONS from the District Court.

Debt, upon the statute of 1846, chap. 105, to recover a penalty for a sale by the defendant, of prohibited liquor, without license.

The plaintiff's evidence was in substance, *that*, at the defendant's place of business, one Sargent called upon the defendant for a pint of brandy, telling the defendant he had no money then, but promising to pay for it ; and *that* the defendant furnished it, but was never paid for it.

The Judge ordered a nonsuit.

*Luques*, for the plaintiff.

*Wilkinson*, for the defendant.

The facts show no sale, but merely a gift. Act of 1846, chap. 205, sect. 1 and 5 ; Story on Contracts, sect. 778.

Even if a sale was intended, no sale was effected.

In order to a sale, there must be payment, or a remedy to enforce a payment. No payment was made to the defendant, and the law prohibits any suit to recover it. Sect. 10 ; *Commonwealth* v. *Thayer*, 8 Metc. 525.

When the plaintiff's evidence could not warrant the jury in finding a verdict for him, it is lawful for the Judge to direct a nonsuit. *Pray* v. *Garcelon*, 17 Maine, 145.

WELLS, J. — It is contended on the part of the defendant, that the action cannot be sustained, because, as the price of the liquor could not be recovered, there was not a contract of sale. It is true, that according to the principles of the common law, in a sale of property there must be a valuable consideration, and if it be voluntarily transferred without such consideration, it is a gift.

The price of the liquor sold in violation of law could not be recovered, for such recovery is prohibited in express terms

by the Act of 1846, chap. 205, sect. 10, and if paid, it can be recovered back by virtue of the provisions of the eleventh section of the same Act. The intention of the Legislature must be gathered from the whole Act, not only in relation to its provisions generally, but as to the meaning of the words, which it employs. The purpose is manifest to inflict a penalty upon the sale of liquor without license, and to prohibit a recovery of the price when sold on credit. And the statute considers a sale as having taken place, although the liquor is not paid for on delivery, but by the agreement, payment is to be made at a subsequent time. The inability of the seller to coerce payment by legal process, does not in contemplation of the statute so far change the character of the transaction, as to prevent it from being considered a sale. It is not a gift, for there is an expectation that the price will be paid.

The facts stated in the bill of exceptions are sufficient to authorize a jury to find a sale of liquor, within the meaning of the language used in the statute, and these facts should have been submitted to them for their determination.

*The nonsuit is taken off,*

*and a new trial granted.*